# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAMUEL GATCH,

Plaintiff,

Case No:

v.

ELITE INSURANCE PARTNERS LLC
and JAGGER ESCH,

Defendants,

_____.

## COMPLAINT FOR VIOLATIONS OF THE OVERTIME WAGE SECTION OF THE FAIR LABOR STANDARDS ACT (FLSA)

Plaintiff, SAMUEL GATCH, ("Plaintiff" or "Gatch") herein sues Defendants ELITE INSURANCE PARTNERS LLC and JAGGER ESCH (hereinafter referred to as "Elite" or "Defendants"), pursuant to 29 U.S.C. §216(b), of the Fair Labor Standards Act (the "FLSA") and states as follows:

## RECITATION OF FACTS

1. Plaintiff Gatch worked for Elite Insurance Partners as a Medicare Insurance Sales Agent ("ISA") at Elite's physical office located in Palm Harbor, Florida.

2. As an ISA, Gatch's primary function was to use telecommunications such as telephones, email and technology to solicit individuals to purchase Medicare supplemental insurance packages.

3. Plaintiff Gatch was not compensated for all hours worked over 40 in each and every work week. Plaintiff was unlawfully and intentionally misclassified by Defendants as a salaried, exempt employee through a scheme to avoid and evade their obligations under the FLSA.

4. Defendants have improperly and willfully withheld and refused to pay Plaintiff overtime wages and premiums for overtime hours worked in violation of the nation's federal wage law, the FLSA. Defendants' records will demonstrably show that Plaintiff was misclassified as a salaried, exempt employee in blatant disregard for the FLSA's overtime wage requirements for employers and corporations such as Defendants.

5. At minimum, Defendants acted with reckless disregard for its obligations to pay Plaintiff overtime premiums for all hours worked, while reaping the benefit of Plaintiff's free labor.

6. Defendants know that ISAs like the Plaintiff, fail the short test for the executive exemption since they do not supervise or direct the work of two or more full time employees, and their primary job duties are non-exempt sales duties, not management of the business or enterprise nor any department of Defendant.

7. Defendants knew or should have known that ISAs like the Plaintiff do not meet the administrative exemption, as their primary job duty does not in involve the use of discretion and independent judgment in matters of significance affecting the company and its management; and that their primary job duty is production and

2

sales, typically non-exempt under the FLSA and as concluded by the DOL regulations and the DOL field operations handbook.

8. Defendants have a comprehensive lead generation system such that ISAs do not rely upon their own contacts and sources to generate sales.

9. Defendants knew that Plaintiff and ISAs routinely worked overtime hours, as managers and supervisors witnessed the extra hours. Managers and company officials saw and knew that ISAs were accessing telephone systems, CRM databases, emails, and engaged in computer demonstrations outside the standardized mandatory corporate schedule.

10. Plaintiff's paychecks also demonstrate some overtime hours were recorded and tracked, just never paid.

11. Defendants also knew that Plaintiff and ISAs performed work in the evenings and on weekends. Managers communicated with ISAs about work outside the regular business hours and encouraged the extra work.

12. Defendants have willfully failed to pay Plaintiff in accordance with the Fair Labor Standards Act (FLSA). Specifically, Plaintiff was not paid premium pay (aka overtime wages) for all hours worked in excess of forty (40) hours per week.

13. Plaintiff Gatch did not perform work that meets the definition of any exemption under the FLSA, and the Defendants' pay practices are not only unfair, but blatantly unlawful under the FLSA.

14. Gatch predominantly spent his days answering inbound calls from people who have inquired about the insurance products; sending email solicitations; and negotiating the sales of Medicare supplement insurance policies or other insurance products.

15. The allegations in this pleading are made without any admission that Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff also reserves all rights to plead in the alternative.

## Jurisdiction & Venue

16. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. § 1331*, because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b)*.

17. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

18. This Court has personal jurisdiction over the Defendant, because the Defendant operates substantial business in Pinellas County, Florida and the damages at issue occurred within this District, where Defendant maintained an office throughout the relevant time period.

19. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this District as Plaintiff was hired,

worked for and was supervised by officers and managers from Defendants' office location located at 34125 Us Highway 19 North – STE 200, Palm Harbor, FL 34684.

20. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, as Elite engaged in interstate commerce under the definition of the FLSA. Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant earned more than $500,000 in revenue during the years 2019 to 2021 as well.

## The Parties

### *Plaintiff, Samuel Gatch*

21. Samuel Gatch resides in Florida. Defendants hired Gatch to work as an ISA in February 2020. Defendants classified Gatch as a salaried, exempt employee under the title of Medicare Insurance Sales Agent working in the corporate, Palm Harbor, Florida office.

22. Plaintiff's work was highly supervised, micro-managed, and scrutinized on a daily basis by management.

23. Plaintiff, like all other ISAs, was required to meet certain metrics which gauged his performance and determined whether he would continue to have a job.

24. Plaintiff had sales quotas based upon calls made, talk times, and minimum submitted applications.

25. Gatch last worked for Defendants on or about May 2021.

26. Plaintiff was expected to be in the office working the company's set schedule Monday through Friday. Plaintiff did not have the discretion to come and go as he pleased, walk in late or leave early or work less than 40 hours during the week without being preapproved or he would suffer disciplinary action.

27. Plaintiff routinely worked after the ending time of his shift and routinely worked prior to the start of his shift. Plaintiff also worked on weekends.

28. Plaintiff routinely worked upwards of 16 hours of overtime per week without overtime compensation.

### *The Defendants*

29. ELITE INSURANCE PARTNERS LLC ("Elite") is a for profit Delaware company with world headquarters located at 34125 US HWY 19N, UNIT 200 PALM HARBOR, FL 34684. Defendant may be served through its designated registered agent: Hughes Consulting Services LLC, 522 Alt 19 Palm Harbor, FL 34683.

30. Upon information and belief, Elite employs approximately 20 or more employees working at or reporting to the Palm Harbor office.

31. Defendant Elite is an employer within the definition of the FLSA, as it has revenues exceeding $500,000 annually in all applicable time periods, is involved

in interstate commerce, and employs upwards of 250 or more employees across the U.S.

32. Elite was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

33. Defendant, JAGGER ESCH, is the CEO, Founder and upon information and belief, directly or indirectly is the primary owner and majority member of Defendant Elite.

34. Defendant ESCH, as the CEO has operational and day to day control over the business of Elite and as such is an employer of the Plaintiff as defined under section 203d of the FLSA.

35. Defendant ESCH is also the person who created, instituted and maintained the unlawful pay practices complained of, and who directs the work of Plaintiff and all other ISAs.

## General Allegations

36. This action arises from a longstanding and ongoing, unlawful scheme by Defendants to willfully underpay and refuse to pay overtime wages to ISAs like the Plaintiff. Defendants knew and knows that Plaintiff and other ISAs routinely worked overtime hours without being paid for all hours worked.

37. Defendants' unlawful pay practice consisted of willfully misclassifying ISAs as exempt employees and then encouraging them to work overtime hours without being paid a premium for all overtime hours worked.

38. At a minimum, Elite's management "turned a blind eye" to the overtime hours worked by Plaintiff and other ISAs. Defendants specifically encouraged Plaintiff to work as many overtime hours as necessary to hit the quotas, sales goals, and metrics in order to maximize incentive compensation and to keep his job.

39. Defendants made a calculated, willful decision to refuse to pay Plaintiff overtime wages so that Elite could financially benefit from the Plaintiff's additional, unpaid hours of work and the increased sales and revenue resulting from Plaintiff's extra work.

40. Courts in similar FLSA overtime wage cases have found that willful misclassification is a classic SCHEME used by employers to avoid overtime pay obligations under the FLSA.

41. The FLSA does not require employees to "claim" or submit a claim for overtime hours as a condition for being paid for overtime hours. This is especially true where the Defendants knew, or should have known, that employees are working overtime hours.

42. For years, Defendants have maintained these unlawful pay practices and engaged in a planned campaign of disinformation or intentionally keeping silent about the FLSA overtime pay requirements for its inside sales employees.

43. Defendants, throughout the preceding 3 years of the filing of this Complaint have been aware that their ISAs, including Plaintiff, routinely worked overtime hours without being paid for all hours worked.

44. Plaintiff's primary job duties are well recognized as typical, non-exempt work duties under the FLSA and by DOL regulations and rulings.

45. When hired, Gatch was led to believe the position was an exempt salaried position, and that if he had to work overtime hours to hit quotas, the time would not be compensated, and he would not be entitled to overtime premiums.

46. Not familiar with the FLSA, Plaintiff simply assumed his employer was complying with the FLSA and federal or state wage laws. Accordingly, Plaintiff did not challenge his classification as exempt from overtime.

47. The Clearwater office maintained an office schedule for all ISAs from Monday to Friday, with 9-hour workdays and a 45-hour workweek. Defendants "presumed" that each ISA would take a bona fide full 1-hour, uninterrupted meal or lunch break.

48. Plaintiff and other ISAs were expected to track and record their work hours on a computer system.

49. But Defendants strongly encouraged Gatch and other ISAs to work additional hours off-the-clock to maximize the bonus money he could earn and to meet the minimum sales and production quotas in order to keep his job.

50. Defendants expected and required Gatch and other ISAs to work more than 40 hours per week in order to be a successful ISA.

51. Thus, Gatch was left with the dilemma: either work overtime hours without pay and without complaining; or fall short of sales goals, earn very small bonuses and risk being fired for lack of production.

52. Throughout Plaintiff's term of employment, Gatch routinely came in early, stayed late and worked through most of his 1-hour lunch breaks. This resulted in significantly more than 8 hours of compensable work time each day.

53. Plaintiff was told not to take the full 1-hour lunch break or he would be subject to termination. Plaintiff was also encouraged to work on weekends to meet his sales goals, which he routinely did.

54. Plaintiff had full, unfettered access to email, Salesforce, and the leads before his shift, after his shift, during lunch breaks and on weekends.

55. By failing to restrict access to work systems, Defendants encouraged Plaintiff to work off-the-clock. Moreover, through Plaintiff's use of the work system after-hours, Defendants knew that Plaintiff was working overtime hours.

56. Plaintiff worked additional hours in order to earn bonuses. While bonuses were the smaller part of his compensation, it was still an important component of his overall needed income.

57. Plaintiff routinely worked more than 40 hours in his workweeks, with the knowledge, encouragement, and at the behest of Defendants, but was never paid a premium for all such overtime hours worked.

## *COUNT I*

## FLSA VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

58. Plaintiff alleges and incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

59. Defendants have willfully and intentionally engaged in a common company practice of violating the provisions of the FLSA, by misclassifying Plaintiff as exempt from overtime compensation under the overtime provisions of the FLSA §207.

60. Plaintiff was unlawfully and willfully denied overtime compensation and premiums for all hours worked over 40 in each and every workweek.

61. Plaintiff was an employee of Defendants during his employment as contemplated by 29 U.S.C. § 203.

62. Defendants do not and cannot have a good faith basis for failing to pay Plaintiff overtime pay. It is well settled law under the FLSA and DOL regulations that inside sales employees are non-exempt employees and entitled to be paid premiums for overtime hours worked.

63. Even assuming Defendants claim the application of the 207(i), Retail Sales Exemption, such an exemption cannot apply to Plaintiff because his monthly bonuses never exceeded 50% of his total wages.

64. Gatch never earned more than 50% of his monthly income in bonuses, even if the bonuses could be classified as commissions.

65. Defendants knew Gatch was working overtime hours; they encouraged it with blatant disregard for the FLSA. Defendants willfully chose not to pay Plaintiff premium pay for his overtime hours in order maximize Defendants' profits.

66. Defendants knew or should have known that Plaintiff worked in a non-exempt, inside sales position.

67. As a non-exempt employee, Defendants had a duty and obligation to track Plaintiff's hours and automatically pay Plaintiff overtime compensation for all hours worked in excess of 40. *See* FLSA 29 USC 201 *et seq.*, including 29 USC Sec. 211(c) and 215 (a).

68. Defendants failed and refused to accurately track Plaintiff's hours, and failed and refused to pay Plaintiff adequate overtime compensation.

69. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to payment of his unpaid overtime wages in addition to an equal sum owed as liquidated damages. See *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

70. Defendants have willfully violated the FLSA by failing to pay overtime premiums to Gatch.

71. Due to Defendants willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

72. As a result of Defendants' unlawful acts and pay practices complained of herein, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial; and is entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*.

**WHEREFORE**, Plaintiff, seeks the following relief:

a. That the Court find and declare Defendants in violation of the overtime compensation provisions of the FLSA;

b. That the Court find and declare Defendants' violations of the FLSA were and are willful;

c. That the Court award to Plaintiff overtime compensation at a rate of one and one half time his regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

d. That the Court award Plaintiff recovery of his reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

e. That the Court issue in order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendants unlawfully and willfully violated the FLSA by failing to pay Plaintiff's overtime wages

and failing to properly and accurately record all Plaintiff's hours worked;

f. That the Court Award Pre-judgment and post-judgment interest, as provided by law, and;

g. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 8, 2022.

*/s/Mitchell Feldman, Esq.*
Feldman Legal Group
FL Bar#: 0080349
6916 W. Linebaugh Ave #101
Tampa, Fl 33625
Tele: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiff, and the class of similarly situated*